■ INSTRUMENT SYSTEMS CORPORATION, Respondent, v ASSOCIATED RIGGING AND HAULING CORP., Respondent-Appellant, and BRANCH MOTOR EXPRESS COMPANY, Appellant-Respondent. (And Two Other Third-Party Ac-

tions.)—Order, Supreme Court, New York County, entered October 6, 1978, which granted plaintiff's motion for partial summary judgment against defendant Branch Motor Express Company (Branch), denied Branch's cross motion for leave to amend its answer to assert an affirmative defense, and granted Branch's cross motion for leave to assert a cross claim for indemnity against the defendant Associated Rigging and Hauling Corp., unanimously modified, on the law, without costs, to the extent of denying the motion for partial summary judgment and permitting Branch to assert an affirmative defense, and otherwise affirmed. In 1970, Instrument Systems Corporation (Instrument), through its wholly owned subsidiary, Kleer-Pak Plastics Packaging Corp., employed Branch Motor Express Company, a common carrier, to transport four color printing presses from New York to North Carolina. Instrument also arranged for Associated Rigging and Hauling Corp. (Associated) to dismantle the presses and perform necessary rigging and loading of the presses onto four flatbed trucks owned by Branch. The presses were in good condition when loaded, but two were delivered damaged. This action was commenced against Branch and Associated on the theory that either or both of them negligently caused the damage. Associated's answer contained affirmative defenses as well as a cross claim against Branch, while Branch's answer merely contained a general denial. In 1978, after this matter appeared on the Trial Calendar, Instrument moved for partial summary judgment against Branch on the ground that subdivision (11) of section 20 of the Interstate Commerce Act (US Code, tit 49, § 20, subd [11]) presumptively makes a carrier an insurer when it is established that goods entrusted to a carrier in an undamaged condition are delivered damaged. Branch opposed the motion and cross-moved to amend its answer to assert the affirmative defense that all or part of the damages were caused by the shipper or its agent. Branch also sought leave to interpose a cross claim against Associated. Special Term granted the motion for partial summary judgment, denied that part of Branch's motion which sought to assert the affirmative defense, but granted the motion to permit a cross claim against Associated. Both Branch and Associated now appeal. Subdivision (11) of section 20 codifies the common-law rule that a common carrier is an insurer of goods transported by it unless it is affirmatively shown that "the damage was occasioned by the shipper, acts of God, the public enemy, public authority, or the inherent vice or nature of the commodity." *(Secretary of Agric. v United States,* 350 US 162, 165-166, n 9.) Ordinarily, in an action brought by a shipper against a carrier, the shipper need only prove delivery of a shipment to the carrier in good condition and its subsequent damage. *(Hoover Motor Express Co. v United States,* 262 F2d 832.) When, as here, the shipper assumes responsibility for loading, the general rule is that the shipper becomes liable for defects in loading which are latent and concealed, that cannot be discovered by ordinary observation on the part of the carrier. *(United States v Savage Truck Line,* 209 F2d 442.) But, if the improper loading is apparent, if it is a fact which addresses itself to ordinary observation, the carrier will be liable notwithstanding the negligence of the shippers or their agents. (See 44 ALR2d 993; cf. 49 CFR 392-393.106.) It is Branch's contention that the damage resulted from faulty loading. They allege that the damage resulted from Associated's use of worn and rotten timbers in rigging and loading the presses onto the trucks. It is suggested that the timbers were incapable of supporting the heavy load, causing the timbers to give way under the stress of the weight, thus allowing the roller of the press to drop to the bed of the truck causing its damage. The affidavit submitted on behalf of branch is in large part

conclusory. However, when considered together with excerpts from an examination before trial of an employee of Associated, enough is presented to raise a factual issue as to whether there was negligence in the loading and whether the defects were latent. (See *Ebasco Servs. v Pacific Intermountain Express Co.,* 398 F Supp 565.) Accordingly, it was error to grant plaintiff's motion for partial summary judgment against Branch and to deny Branch's motion for leave to assert the affirmative defense. As to the cross claim, ·Associated cannot fairly claim prejudice because of the lateness of this motion. On February 19, 1971, a letter was written to Associated by Branch wherein these same charges of faulty loading were asserted. Moreover, the issue of its negligence was clearly raised from the beginning in the complaint. Associated was therefore on notice that these claims would be litigated in the action. Accordingly, the motion for partial summary judgment should be denied and Branch should be permitted to assert its affirmative defense and cross claim. Concur—Sandler, J. P., Sullivan, Bloom, Markewich and Silverman, JJ.