**W.F. WARE COMPANY, INC., Appellant,**

v.

**CSX TRANSPORTATION, INC. formerly Seaboard System Railroad, Inc., Appellee.**

No. 89–CA–1261–MR.

Court of Appeals of Kentucky.

Aug. 10, 1990.

Randall V. Oakes, Jr., Elkton, for appellant.

J. David Bryant, Harlin, Parker & Rudloff, Bowling Green, for appellee.

Before HOWERTON, C.J., and DYCHE and WEST, JJ.

WEST, Judge.

This is an appeal from a judgment based upon a jury verdict in favor of CSX Transportation, Inc., the interstate common carrier, in an action in which the shipper, W.F. Ware Company, Inc., alleged negligent damage to its cargo. The primary contention on appeal is that the court below erred in its instructions to the jury. Having reviewed the record and the applicable authorities, we find no grounds for reversal and the judgment is affirmed.

The claims arise from the shipping of three (3) carloads of soybeans from Trenton, Kentucky to Chattanooga, Tennessee. Ware delivered the cargo in three (3) rail cars which it had been leasing for approximately thirteen (13) years. The cars were loaded, closed and sealed with overhead doors when delivered to the railroad carrier.

When the soybeans arrived in Chattanooga, the purchaser found a portion of each carload unacceptable and discounted the price it paid to Ware. Ware, then, instituted this action claiming negligence by the carrier and seeking damages of $6,304.14.

There is really no dispute as to the applicable law as all parties acknowledge that their respective rights and duties are set forth in 49 U.S.C. § 10103 and § 11707. The Carmack Amendment of 1906, § 20(11) of the Interstate Commerce Act, codifies the common law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; or, (e) the inherent vice or nature of the goods. *Missouri Pacific R.R. v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964). Thus, under this federal law, the shipper establishes a prima facie case when he shows delivery to the carrier in good condition, arrival at the destination in damaged condition, and the extent of its damages. *Plough, Inc. v. Mason and Dixon Lines*, 630 F.2d 468 (6th Cir., 1980).

Thereafter, the burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier from liability. *Elmore & Stahl, supra,* 377 U.S. at 138, 84 S.Ct. at 1145. In the case at bar, the appellee presented proof that the damage to the cargo was due to water and to an act of the shipper himself, *i.e.,* the defective condition of the leased rail cars which allowed the water to leak into the cars. Witnesses for the carrier testified that it did not permit employees to be on top of the leased cars and that it had no duty to inspect these private hopper cars. There was testimony as to cracks and openings in the overhead doors and evidence as to the amount of rainfall which occurred during transit. Generally, the carrier will not be held liable for loss when the shipper loads the goods and the defect in loading is not apparent at the time the carrier accepts the shipment. *Instrument Systems Corp. v. Associated Rigging & Hauling Corp.,* 70 A.D.2d 529, 416 N.Y.S.2d 5 (1979); Annot., 44 ALR 2d 993 (1955).

There was no evidence of vandalism, breach of any duty to inspect private

cars, or any other failure to use reasonable care on the part of the appellee. The instructions tendered by appellant were repetitious and unnecessarily complex. We do not believe the court was required to submit interrogatories as to whether the appellee was a common carrier and whether the shipment was from Kentucky to Tennessee.

Instead, the trial judge fairly framed the issues in accordance with the statute and imposed a general duty to exercise ordinary care on the part of both carrier and shipper. The railroad sufficiently met its burden of proof, and there was no error committed in submitting the case to the jury, nor do we find the instructions to be erroneous.

Appellant also contends that the trial court erred in disallowing the introduction of photographs and testimony to the effect that the carrier also used patched cars in the same manner as Ware. We agree with the court below that this was totally irrelevant to the issues being tried and it was not an abuse of the court's wide discretion to refuse such evidence.

The judgment of the Todd Circuit Court is affirmed.

All concur.